IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK COLIN JENNINGS, | ) |
| Plaintiff, | ) |
| v. | ) CV 02-JEO-133-S |
| MIKE HALEY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 16, 2002, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed in part. Specifically, the magistrate judge recommended that the following claims were due to be dismissed for failing to state a claim upon which relief could be granted under 28 U.S.C. § 1915A(b): (1) any claims against unnamed defendants and their agents or employees, (2) all Fourteenth Amendment due process claims related to plaintiff's allegations of inadequate medical care against all defendants, (3) all Equal Protection claims against all defendants, (4) all ADA and Rehabilitation Act claims against all defendants, and (5) all Fourteenth Amendment due process claims related to plaintiff's allegations regarding the confiscation of his Veteran's benefits.

The magistrate judge further recommended that the plaintiff's request for declaratory and injunctive relief be considered moot. Finally, the magistrate judge recommended that plaintiff's First Amendment claims against defendants Williams and Kinard and plaintiff's Eighth Amendment claims against all defendants be referred to the magistrate judge for further proceedings. The plaintiff filed objections (Document #10) to the report and recommendation on July 31, 2002.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's findings of fact are due to be and are hereby ADOPTED. Moreover, the findings of law in the recommendation are due to be ACCEPTED, with the following exception and amendment: (1) plaintiff's request for declaratory and injunctive relief with regard to the First Amendment claim for retaliatory transfer is due to be referred to the magistrate judge for further consideration thereon, and (2) the 'Veteran's benefits' referred to in conjunction with the magistrate judge's Fourteenth Amendment recommendation should be amended to reflect same as the plaintiff's 'earned compensatory benefits' derived from the Veteran's Administration.

Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b) with regard to: (1) any claims against unnamed defendants and their agents or employees, (2) all Fourteenth Amendment due process claims related to plaintiff's allegations of inadequate medical care against all defendants, (3) all Equal Protection claims against all defendants, (4) all ADA and Rehabilitation Act claims against all defendants, and (5) all Fourteenth Amendment due process claims related to plaintiff's allegations regarding the confiscation of earned compensatory benefits derived from the Veteran's Administration.

The plaintiff's First Amendment claims against defendants Williams and Kinard, including the request for declaratory and injunctive relief in connection therewith, as well as the Eighth Amendment claims against all defendants are due to be referred to the magistrate judge for further proceedings.

An appropriate order will be entered.

DATED this 29th day of August, 2002.

_____
UNITED STATES DISTRICT JUDGE