UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK COLIN JENNINGS, )
)
Plaintiff, )
)
v. ) CV 02-JEO-133-S
)
MIKE HALEY, et al., )
)
Defendants. )

### MEMORANDUM OPINION

On August 13, 2002, and October 3, 2002, plaintiff, Mark Colin Jennings, requested a court order to hold the above action in abeyance, or in the alternative, an extension of time to respond to the defendants' special report, until plaintiff ended his sentence on December 3, 2002. (Doc. 15 & 22). On October 21, 2002, the magistrate judge denied plaintiff's request to hold the action in abeyance, but granted plaintiff an additional 60 days from the entry date of the order to respond to the defendants' special report. (Doc. 24).

Plaintiff has failed to respond to the defendants' special report. More importantly, records kept by the Alabama Department of Corrections show that plaintiff is no longer incarcerated. The following notice appears on the original complaint completed and filed by plaintiff:

> **NOTICE TO FILING PARTY**
>
> It is your responsibility to notify the Clerk in writing of any address change. Failure to notify the Clerk may result in dismissal of your case without further notice.

(Doc. 1). Plaintiff has failed to inform the Court of his new address since his release from the penitentiary. "[U]pon consideration of the alternatives available to the Court, this action is due

to be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction shall suffice." *Martin v. Holt,* 2001 WL 530708 (S.D. Ala. 2001), (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution). An appropriate order will be entered.

**DONE**, this the 22nd day of May, 2003.

UNITED STATES DISTRICT JUDGE